# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL S. SMITH, SR., <br> JOHN R. HANLEY <br>     Plaintiffs, <br><br> v. <br><br> CIRCUIT COURT OF COOK COUNTY, <br> PRETZEL AND STOUFFER <br>     Defendants. | No. 05-cv-3934 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion to proceed *in forma pauperis* filed by Daniel S. Smith Jr. ("Smith") and John R. Hanley ("Hanley") on July 6, 2005. For the reasons stated in this opinion, Plaintiffs' motion to proceed *in forma pauperis* is DENIED. The complaint is DISMISSED. Plaintiffs' motion for appointment of counsel is MOOT and TERMINATED.

### Standard of Review

When reviewing an application to proceed *in forma pauperis,* this Court must analyze the claims advanced in the complaint and dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous within the meaning of Section 1915(e)(2)(B)(i) when it, *inter alia,* lacks an arguable basis in either law or fact. *See, e.g., Baker v. AME Church Judicial Council,* 320 F.Supp.2d 786, 788 (N.D. Ind.2004) (collecting cases, including *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)). The standard of review for failure to state a claim under 1915(e)(2)(B)(ii) is the

same standard used when reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See DeWalt v. Carter,* 224 F.3d 607, 611-12 (7th Cir.2000).

This Court reviews complaints according to a liberal pleading standard. *See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit,* 507 U.S. 163, 165 (1993). Liberal standard notwithstanding, this Court is still justified in dismissing a complaint that does not give a defendant "a pretty concrete idea of what he has to defend against" and does not allow the court to determine that "plaintiff's claim is well within the ballpark of plausible legal claims." *See Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999). The Federal Rules of Civil Procedure require "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (footnote and citation omitted)). To give fair notice, a complaint must include "the operative facts upon which the plaintiff bases his claim." *Kyle v. Morton High School,* 144 F.3d 448, 454-455 (7th Cir. 1998)(citations omitted). In other words, "there must be sufficient facts pleaded to allow the court and the defendants to understand the gravaman of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996). Bald legal conclusions that fail to give notice of a claim are no safeguard against dismissal. *See Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998).

Analysis

As a preliminary matter, it is unclear what connection Hanley has to this case. No facts are alleged in the complaint or subsequent response to the rule to show cause that indicate Hanley is a proper plaintiff. To maintain an action in a federal court, Hanley must demonstrate (1) an injury in fact, which is (a) concrete and particularized and (b) actual or imminent; (2) that is

traceable to Defendants' conduct and (3) that is likely to be redressed by a favorable decision from this court. *See Bensman v. U.S. Forest Service,* 408 F.3d 945, 949 (7th Cir. 2005)(citations omitted). The proceedings before this Court suggest that Hanley is a friend of Smith's who, because of their friendship, has joined as a plaintiff in this lawsuit. An alleged injury to a friend, no matter how serious one may perceive it to be, does not give one standing to bring suit in federal court. Given that he has not demonstrated any legally cognizable injury of his own that is traceable to the Defendants' conduct, Hanley lacks standing to bring suit and therefore may not proceed as a named plaintiff in this litigation. He is dismissed from the case.

Smith fares no better than Hanley because he fails to provide this Court with sufficient information to conclude that he has stated a claim. While Smith need not lay out every detail of his case in exacting detail in his complaint, he should at least provide enough information such that this Court and defendants have some idea of the grounds on which his claim rests. The legal conclusion that he has been denied his rights is not sufficient to state a claim. The complaint includes no additional information that would enable this Court to determine that he has stated a claim.

In the four-paged complaint–which is fashioned as a letter to the attorney general of Illinois, the governor of Illinois, and the U.S. District Court–Smith argues that he has been denied his "legal rights", "disability rights under TITLE II of THE ADA"[1], and "CIVIL RIGHTS" by several different departments (including a department of professional regulations and a department of civil rights), agencies, and a circuit court and its judges. The only parties

---

[1] This Court assumes that by "ADA" Smith refers to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., and will likewise refer to the act as such.

named as actual defendants in the case are Circuit Court of Cook County and an entity named Pretzel and Stouffer. The complaint does not include any allegations against Pretzel and Stouffer. The only allegation against the Circuit Court states "I have been grossly wronged in...the Circuit Court..."[2]

Given the complaint's shortcomings, this Court issued a rule to show cause on August 2, 2005. Plaintiffs filed their response on August 23, 2005. In their response, Plaintiffs wrote that they believed that Smith had "specific rights in the Federal Court and under the ADA rights section 35.134 which implements section 503 of the ADA which prohibits retaliation against any individual who exercises his or her rights under this action to be heard in a court of law without any discrimination against any individual because that individual has exercised his or her rights to bring this case to show severe mental, physical, and sexual abuses which I have claimed to in the circuit court case of cook county No 04-L-9219 and the United States District Court Case No 05-c-3934."

It is important to note that Smith has not named any individuals or entities other than Pretzel and Stouffer and the Circuit Court of Cook County as the defendants in this case and so this Court will review claims only as they pertains to those two parties or agents of those two parties. After filing the response, Smith has sent this Court many documents that he believes support allegations against individuals not party to this lawsuit. This Court has reviewed those documents, and determined that they are not relevant to the case that Plaintiff has chosen to bring before this

---

[2] The Plaintiffs in this case use both "I" and "we" as the subject of various sentences. Where reasonable, this Court assumes that "I" refers solely to Smith while "we" refers to both Smith and Hanley. This is not always the case: in certain instances, for example, it appears that "we" is used but the statement only refers to Smith. This Court will attempt, as best it can, to construe the terms according to context.

Court. Consequently, much of the information that Smith does offer this Court–allegations that he was abused by a doctor, that he was given a fatal prescription of Vicodin and Oxycontin, that he was falsely accused of possessing a weapon while undergoing a detoxification treatment at Palos Hospital–simply do not play a role in this Court's determination of whether Smith has stated a claim against either the Circuit Court or Pretzel and Stouffer.

It is clear that Smith is convinced that he has been wronged by a series of individuals in his life. Those individuals, however, are not defendants in this case. This Court must decide only claims that Smith has chosen to bring before it–in other words, claims that the named Defendants violated rights purportedly guaranteed to Smith under the ADA.[3]

At best, there are two suggestions of the nature of the claims that Smith brings against the Circuit Court of Cook County and Pretzel & Stouffer. The first appears on the first page of Plaintiffs' response to the rule to show cause. It states: "I never once thought that the Honorable Judge Daniel Kelly and Attorney Mathew Eagan, with Pretzel and Stouffer would for any reason dismiss our case with Prejudice and further bar us our legal rights to have a jury and court try the case we filed with merit and to further cause us mental anguish and denying us our rights to a fair and complete trial in the courts system your honor." The second occurs on the second page of Plaintiffs' response to this Court's rule to show cause. It states: "Yes the circuit court of cook county has denied us the right to proceed in the case No 04-L-9219 and Mr. Mathew Eagen Esq, and Honorable Judge Daniel Kelly denied us that right even after showing the Judge several

---

[3] For example, in his response to the rule to show cause, Smith writes that "[b]y denying us our legal rights to have a trial in our courts system is only giving the Abuser more freedom and time to continue on with his illegal acts and injure others Sir!" The question of abuse is not one that is before this Court. Any ruling that this Court could issue would not in any way bring about a judgment against anyone other than the named defendants in this case.

documents and letters and proof of the conditions that I have complained of, including the Pneumonia that prevented me from attending court and that is when Mr. Mathew Eagan decided to bar us from further proceeding in the case and stated with prejudice and further denied us any of our legal rights to have the case heard in the Circuit Court ever with the Judge Daniel Kelly at the bench as a witness as well as Mr. John R. Hanley."

These statements–and the lack of other statements giving any hint of a legitimate claim against either of the named defendants–leads this Court to infer that Smith claims that Judge Kelly of the Cook County Circuit Court and Mathew Eagan of Pretzel & Stouffer retaliated against him for filing suit by purportedly dismissing his suit in violation of the ADA. The injury of which Smith complains–the denial of what he claims are his legal rights to have the case heard in the Circuit Court–is a direct result of the dismissal. As in his complaint, in his response Smith does not request injunctive, declaratory, or monetary relief.

Smith's statements are insufficient to survive dismissal. There are several problems with his case as presented. With respect to Pretzel & Stouffer, Smith fails to adequately allege, and in fact cannot allege, that the law firm or any of its lawyers dismissed the case with prejudice. It is the *judge*, not attorneys or their respective firms, who enters an order dismissing a case with prejudice. While attorneys may agree to the entry of a dismissal order, it is the judge who must issue that order. In this case, Judge Kelly reviewed Smith's case and decided to dismiss it. Mathew Eagen, presumably an attorney with Pretzel and Stouffer, apparently argued that the case should have been dismissed with prejudice–in the same manner that Smith and his counsel, if he had counsel, were permitted to argue that the case should not have been dismissed. Smith cannot hold opposing counsel liable for violating the ADA simply because opposing counsel took a position with which he did not agree.

Moreover, Title II of the ADA, the statute pursuant to which Smith files suit, does not apply to the private law firm in this case. *See, e.g.,* 42 U.S.C. §12131; *see also, Tennessee v. Lane.* 504 U.S. 509, 517 (2004)(noting that Title II of the ADA applies to public entities such as state and local governments, agencies and their instrumentalities).

Smith also fails to allege any facts that give any indication as to how the Circuit Court of Cook County, apart from Judge Kelly, could have retaliated against him in violation of the ADA.[4] Construing the complaint liberally, it is possible to infer that Smith is not suing the Circuit Court, but instead suing Judge Kelly as an agent of the Circuit Court for the act of dismissing his complaint. He also refers to 28 C.F.R. §35.134, a Department of Justice regulation that prohibits retaliation against individuals who exercise their rights under the ADA, in support for his retaliation claim. Mere reference to a federal regulation is not enough to satisfy the legal requirement that Smith state a claim upon which relief can be granted.

The fact that Smith feels his case should not have been dismissed is not enough to raise the inference that the Judge dismissed the case in retaliation for Smith's act of filing suit. This Court does not believe that Congress intended for the statute to create federal review of each ruling that adversely affects an individual with a disability. Smith provides this court with no other grounds for his retaliation claim other than the act of dismissing the case. The mere act of dismissing a class that involves a plaintiff with an alleged disability is not a violation of the ADA. If that were the rule, presumably every plaintiff whose case was dismissed from court would then bring a retaliation claim in federal court. Without any other allegations as to how Judge Kelly specifically

---

[4] This Court also takes this opportunity to note that it is unclear that any claim against the Circuit Court would survive, even if Smith were to elaborate on the facts alleged in his complaint in a way that made clear the role of the Circuit Court.

retaliated against Smith, this Court cannot determine that Smith's claim is well within the ballpark of plausible legal claims.[5]

After reviewing the many document submitted in this case, it is clear to this Court that Smith feels that he has been wronged and that he is entitled to redress in the federal courts. Such sentiments, no matter how sincerely held they may be, do not provide this Court with a legal basis for this litigation. This Court finds that at this stage in the proceedings, Smith has failed to state any claim against the named defendants in this case.

---

[5] There are a host of other considerations– such judicial immunity, the *Rooker-Feldman* doctrine, and the possibility of abstention– that would merit discussion had Smith not failed to state a claim. *See, e.g., Dawson v. Newman,* 419 F.3d 656, 660-661 (7th Cir. 2005) (dismissing claims for damages against judge because he was "entitled to absolute judicial immunity."); *Holt v. Lake County Board of Commissioners,* 408 F.3d 335, 336 (7th Cir.2005)(dismissing case where plaintiff would not have been complaining of injury "absent the state court's judgment evicting him from his property," and finding that the *Rooker-Feldman* doctrine precluded the district court from hearing his claim.); *Ritter v. Ross,* 992 F.2d at 755 (even if *Rooker - Feldman* doctrine were not a bar to action, the fact that state provided other legal options being pursued by plaintiffs would compel court to dismiss complaint). These other issues cannot be addressed at this time because Plaintiff has failed to provide this Court with necessary information such as whether he is suing for damages and whether the state court proceedings are complete. In any event, even assuming those issues could be resolved in Smith's favor merely for the sake of argument and without an actual determination, his complaint would still be dismissed for failure to state a claim.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to proceed in forma pauperis is DENIED. The complaint is DISMISSED. Plaintiffs' motion for appointment of counsel is MOOT and TERMINATED.

Enter:

    /s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 31, 2006**